871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert BRADLEY; Gregory Holloway; William Heredia; Warner
Brown; Eddie Willingham; Plaintiff-Appellants,
Floyd D. Sears, Plaintiff,
v.
William S. MALLORY, State Representative Majority Floor
Leader, Ohio General Assembly; John Doe, Members of the
General Assembly for the State of Ohio, In Their Individual
and Official Capacities, Defendants-Appellees.
 No. 88-3988.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case comes before the Court on plaintiffs motion for the appointment of counsel. Plaintiffs appeal the judgment of the district court dismissing their complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, plaintiffs sued the Ohio General Assembly. Plaintiffs alleged that several Ohio statutes violated the double jeopardy clauses of the Ohio and United States Constitutions.
 
 
 3
 The district court dismissed the complaint on the grounds that the defendants enjoyed absolute immunity from suit brought pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Upon review we find no error. State legislators are entitled to absolute immunity from liability for actions taken in their legislative capacities. See Tenney v. Brandhove, 341 U.S. 367 (1951). The defendants were sued solely because of their membership in the Ohio General Assembly. Therefore, the defendants are entitled to immunity and plaintiff's complaint failed to state a claim upon which relief can be granted.
 
 
 5
 Accordingly, plaintiff's motion for appointment of counsel is denied, and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.